KNOLL, J.,
dissents.
|-i This case arises out of a troubling set of facts involving the incompetence of State actors, them failure to exercise common sense and compassion when dealing with a marginalized probationer, and the enduring suffering and ostracism she has suffered as a result of their negligence and dismissiveness. After discovery was conducted, the State filed an exception of prescription, arguing the plaintiff, Meiko Prevo, was aware she was not required to register as a sex offender in 2008 but failed to file suit until October 7, 2011. While the District Court granted the State’s exception of prescription and dis *401 missed Ms.- Prevo’s suit, the Court of Appeal reversed that portion of the District Court’s judgment granting the State’s exception of prescription. Because I am convinced that Ms. Prevo was the victim of a continuing tort and that the operating cause of that tort was not abated until her name was removed from the sex offender registry, I dissent from the majority’s opinion and would affirm the judgment of the Court of Appeal.
For two years, Ms. Prevo was forced to register as a sex offender, all the while insisting to her probation officer that she had not committed a sex offense. Her probation officer at this time, David Phillips, admitted in his deposition testimony he told Ms. Prevo “that immediately she would be arrested if she failed 12to register.” During this two year period of time, Ms. Prevo alleges the State’s negligence caused her to be denied employment opportunity and to be continuously disparaged by members of her community. Her driver’s license bore a “SEX OFFENDER” label, and every car that she drove, whether she owned it or .not, had to be registered. Her picture was posted on a bulletin board at her nieces’ and nephews’ school. Every house within a two-block radius of her residence was notified that she was registered as a sex offender. Ms. Prevo alleges this negligently-imposed status drove her from school events with her nieces and nephews. It has affected— indeed, ended — personal relationships and has caused serious emotional distress. Amazingly, the State would likely still require Ms. Prevo to register had it not been for her persistence. Frustrated with her probation officer’s continued dismissiveness, Ms. Prevo — a woman with an eighth-grade education — took matters into her own hands and obtained proof from court records that she had never been convicted of a sex offense. After receiving a copy of these records 'from Ms. Prevo, her new probation officer, Mike Ware, finally took the initiative to investigate the matter further and realized she was not required to register as a sex offender. • Although neither he nor Ms. Prevo recall what day he notified her of this news over the telephone, she received a letter informing her of this fact on October 11, 2010. In his deposition, Officer Ware testified there was “a delay in time” — “either in 2010 or it had turned over to early 2011” — before he received a response from the Louisiana State Police Bureau of Identification concerning his request to have Ms. Prevo removed from the State Police’s sex offender registry.
In my view, the majority errs in finding Ms. Prevo’s suit prescribed because Ms. Prevo’s allegations and the record supporting them indicate she was the victim of a continuing tort.[1] Professor Maraist has elaborated on the jurisprudential | ^distinction between discontinuous and continuous torts:
In some cases, multiple, distinct acts by the tortfeasor cause separate and distinct damages; in those cases, each act gives rise to a separate tort, and prescription begins to accrue on each tort when the damage is sustained or at some later date, if the “discovery doctrine” applies. However, if both the tor-tious conduct and the damage continue, the tort may be deemed a “continuing” one and prescription may not begin to run until the wrongful conduct ceases.[2]
*402 As we.have stressed, “[a] continuing tort is occasioned by [continual] unlawful acts, not the continuation of the ill effects of an original wrongful act.”[3] Moreover, “[t]he continuous conduct contemplated in a continuing tort must be tortious and must be the operating cause of the injury.”[4] In my view, the State’s egregious conduct in this matter can only be described as a continuous tort. In this case, the operating cause of Ms. Prevo’s injury was the State’s decision to force her to register “out of an abundance of caution” even though, as Officer Phillips admitted in his deposition, there was confusion as to whether or not Ms. Prevo was required to register when this decision was initially made. .This operating cause continued to bring about harm as the State, through Officer Phillips, recalcitrantly refused to follow-up concerning Ms. Prevo’s complaints. Indeed, as Ms. Prevo testified, she repeatedly sought to direct the State’s attention to its error. Each time, her vigorous attempts to persuade the State to correct the problem were ignored by those who had authority over her and who, admittedly, threatened her with arrest if she refused to register. Officer Mike Ware’s testimony supports Ms. Prevo’s version of events. Indeed, Officer- Ware testified that, after assuming control over Ms. Pre-vo’s file and listening to her complain that she was not required to register, Officer Ware took the matter up with Officer Phillips, who was then his supervisor and Ms. Prevo’s former probation officer: “And [Officer Phillips] told me that, well, |4she’s claimed that before, it’s been checked out, she does have to register and that he had verified that.” In fact, Officer Phillips had never seen the court minutes confirming that Ms. Prevo was not convicted of a sex offense. In other words, he had not verified it. If Officer Ware had taken Officer Phillips’ derelict approach to Ms. Prevo’s situation, she would more likely than not still be suffering as result of the State’s negligently imposed and unlawful requirement that she register.
We have repeatedly held that the prescriptive period on a continuing tort does not begin to run until the conduct causing the harm has ceased. Indeed, as we explained ill South Central Bell Telephone Co. v. Texaco Inc., “[w]hen the tortious conduct and resulting damages continue, prescription does not begin until the conduct causing the damage is abated.”[5] Here, the negligent conduct causing Ms. Prevo’s injury did not abate, at its earliest, until such time as Officer Ware informed Ms. Prevo that he had investigated further and that the State determined she was not required to register. The only evidence submitted concerning that date is the correspondence Officer Ware transmitted to Ms. Prevo on October 11, 2010. Because Ms. Prevo filed her lawsuit on October 7, 2011 — within, one year as required by Louisiana Civil Code Article 3492 — her claim is plainly not prescribed.
Given all that the record shows Ms. Prevo has endured and, indeed, continues to endure because of the State’s error, it would be a grave injustice to this woman if this case did not go forward. While this reason alone is not enough to bend the dictates of the law, in my view, our jurisprudence permits such.a result and justice demands it. Accordingly, I respectfully dissent from the majority’s opinion and would affirm the judgment of the Court of *403 Appeal denying- the State’s exception of prescription, reinstating Ms. Prevo’s suit, and remanding for further proceedings.
JOHNSON, C.J., dissents for the reasons assigned by KNOLL,. J.

. Although Ms. Prevo does not submit this argument as grounds for affirming the Court of Appeal’s judgment, we are required by Louisiana Code of Civil Procedure' Article 2164 to "render any judgment which is just, legal, and proper upon the record on appeal.”

. Frank L. Maraist &'Thomas C. Galligan, Jr., Louisiana Tort Law § 10 — 4(e) (1996).

. Hogg v. Chevron USA, Inc., 09-2632, p. 16 (La.7/6/10), 45 So.3d 991, 1003 (quoting Crump v. Sabine River Auth., 98-2326 (La.6/29/99), 737 So.2d 720, 728).

. Id. (quoting Crump, 98-2326 at 11, 737 So.2d at 729 n. 7).

. South Central Bell Telephone Co. v. Texaco, Inc., 418 So.2d 531, 533 (La.1982).